UNITED STATES of America, Plaintiff,

v.

Henry ANDREWS, Thomas Bates, Roger Bowman, Jeff Boyd, George Carter, Jackie Clay, Edgar Cooksey, Andrew Craig, Jerome Crowder, Lawrence Crowder, Floyd Davis, William Doyle, Harry Evans, Eddie Franklin, Bernard Green, Charles Green, Henry Leon Harris, Earl Hawkins, Louis Hoover, J.L. Houston, Eugene Hunter, Derrick Kees, Isiah Kitchen, Alan Knox, Sammy Knox, Roland Lewis, Felix Mayes, Melvin Mayes, Walter Pollard, Derrick Porter, Noah Robinson, Michael Sardin, James Speights, Anthony Sumner, Freddie Elwood Sweeney, Melvin Tillman, Edward Williams and Rickie Dean Williams, Defendants.

No. 89 CR 0908–1.

United States District Court,
N.D. Illinois, E.D.

Oct. 16, 1990.

William Hogan and Ted Poulous, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Gary Ravitz, Chicago, Ill., for defendants.

### MEMORANDUM OPINION
### AND ORDER

ASPEN, District Judge:

Defendant Henry Andrews, one of 38 defendants in this case, moves pursuant to Federal Rules of Criminal Procedure 7(d) to strike surplusage from the indictment. For the following reasons, this motion is denied.

### DISCUSSION

On the motion of a defendant, it is within a court's discretion to strike, as surplusage, "immaterial or irrelevant allegations ... which may, however, be prejudicial." *United States v. Climatemp, Inc.*, 482 F.Supp. 376, 391 (N.D.Ill.1979) (quoting Advisory Committee Note to Fed.R.Crim.P. 7(d)), *aff'd sub nom., United States v. Reliable Sheet Metal Works, Inc.*, 705 F.2d 461 (7th Cir.), *cert. denied*, 462 U.S. 1134, 103 S.Ct. 3116, 77 L.Ed.2d 1370 (1983). Such motions should be granted, however, "only if the targeted allegations are *clearly not* relevant to the charge *and* are inflammatory and prejudicial." *United States v. Chaverra–Cardona*, 667 F.Supp.

609, 611 (N.D.Ill.1987) (emphasis added) (citing 1 Wright, *Federal Practice and Procedure: Criminal 2d* § 127, at 425–27 (1982)); *see also United States v. Brighton Bldg. & Maintenance Co.*, 435 F.Supp. 222, 230–31 (N.D.Ill.1977), *aff'd*, 598 F.2d 1101 (7th Cir.), *cert. denied*, 444 U.S. 840, 100 S.Ct. 79, 62 L.Ed.2d 52 (1979). As noted by court in *Chaverra–Cardona*, "this is a rather exacting standard, and only rarely has surplusage been ordered stricken." 667 F.Supp. at 611 (citation omitted).

█ The present case is not one of those rare instances. Andrews moves to strike the following terms: "street gangs," "rival gang leaders," "enforcers," "hitmen," "El Rukn hit team," "hit team," "stalked," "guns," and "rival gang." He claims that these terms are unduly prejudicial. Even if this is true, however, the terms should not be stricken if they are not "clearly" irrelevant to the government's case. *See Climatemp*, 482 F.Supp. at 391 (if language is "legally relevant," it should not be stricken "no matter how prejudicial it may be").

The indictment charges that Andrews, along with 37 other defendants, participated in the conduct and affairs of an enterprise through a pattern of racketeering in violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1962(c) and (d). To prove this charge, the government will properly be entitled to present evidence identifying the enterprise and the nature of its activities, as well as the role that each defendant played within this enterprise. The terms that Andrews seeks to strike are evidently relevant to this matter. He is alleged to have been a member of the El Rukn "street gang," and was purportedly a "hitman" or "enforcer" as part of an "El Rukn hit team" that "stalked" "rival gang leaders" and "rival gang" members with an intent to commit murder. According to the government, these terms were, in fact, used by the defendants themselves to describe their activities during the course of the RICO conspiracy. Therefore, even if Andrews is right in his assessment of prej-

udicial effect, the targeted phrases will not be stricken because they will inevitably be part of the relevant and admissible proof at trial. *See United States v. Persico*, 621 F.Supp. 842, 860 (S.D.N.Y.1985) ("organized crime," "crews," "bosses," "capos," "soldiers," and "made members" are not stricken where defendants used same terms in course of RICO conspiracy such that terms would "inevitably be part of the proof at trial"); *United States v. Santoro*, 647 F.Supp. 153, 176–77 (E.D.N.Y.1986) ("Lucchese Crime Family," "boss," "underboss," "capos," and "crews" are not stricken because they were relevant to identity of RICO enterprise and role of defendants), *rev'd on other grounds*, 845 F.2d 1151 (2d Cir.1988); *United States v. Rastelli*, 653 F.Supp. 1034, 155 (E.D.N.Y.1986) (same holding with respect to "Mafia," "La Cosa Nostra," and "Bonanno Crime Family").

█ Andrews also challenges references to "others known and unknown to the Grand Jury," "members," "other members," and "the defendants" throughout the indictment. We are confused by his argument as to these references. He states that they are prejudicial because they "create a risk of unfair surprise" as they fail to identify the relevant individuals by name. Defendant's Memorandum, at p. 2. This, of course, is not a proper ground for striking surplusage. Rule 7(d)'s aim is to minimize the unfair affect of inflammatory and irrelevant language on the jury, not to prevent a "risk of unfair surprise" to the defendant. *See Climatemp*, 482 F.Supp. at 391. Thus, if this is a correct understanding of Andrew's argument, his motion should be denied.

█ It is also possible that Andrews is attempting to argue that the targeted phrases are prejudicial because the jury may infer that the El Rukn street gang includes more members than those named in the indictment. Without explanation, Andrews cites *Brighton Building* where the court struck phrases such as "among other things," and "at least" because, in the context that they were used, a jury

might "draw the inference that the defendant is accused of crimes not charged in the indictment." 435 F.Supp. at 230; *but cf. Climatemp*, 482 F.Supp. at 392. This reasoning is clearly distinguishable from the case at bar. Allowing a jury to infer that a defendant committed more crimes is not the same as allowing a jury to infer that an enterprise has more members. Indeed, the number of members in the El Rukn organization is entirely relevant to proving its existence, nature and scope. Thus, Andrews' motion should be denied on this ground also.

## CONCLUSION

For the foregoing reasons, Henry Andrews's motion to strike surplusage from the indictment pursuant to Fed.R.Crim.P. 7(d) is denied. It is so ordered.